**IN THE UNITED STATES FEDERAL COURT**
**IN AND FOR THE MIDDLE DISTRICT**
**TAMPA, FLORIDA**

**CHRISTOPHER DYER,**
**Individually**

**Plaintiff**

**v.** **Civil Case No.** 8:17-cv-966-T-35 JSS

**HIGHLANDS COUNTY, FLORIDA a political subdivision of the State of Florida, HIGHLANDS COUNTY, FLORIDA SHERIFF'S OFFICE, Deputy Sheriff RICHARD WIGGINS, Sheriff PAUL BLACKMAN.**

**Defendants.**
______________________________/

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**
**(42 U.S.C. 1983)**
**JURY TRIAL DEMANDED**

Plaintiff, CHRISTOPHER DYER, by and through the undersigned attorney, hereby files this Complaint upon the Defendant, HIGHLANDS COUNTY a subdivision of the State of Florida, HIGHLANDS CO. SHERIFF'S OFFICE, a subdivision of the State of Florida, Deputy Sheriff RICHARD WIGGINS, Sheriff PAUL BLACKMAN and states;

## INTRODUCTION

1. This action arises from the beating of CHRISTOPHER DYER, while he was in the custody of the Highlands County Sheriff, by Detention Deputy Richard Wiggins, on June 14, 2015 in Sebring, Florida. CHRISTOPHER DYER is suing for violation of civil rights pursuant to 42 U.S.C. Section 1983.

TPA 043132

## JURISDICTION AND VENUE

2. Plaintiff sues for violation of civil rights pursuant to 42 U.S.C. Section 1983. This court has jurisdiction over such claims pursuant to 28 U.S.C. Sections 1331 and 1343.

3. The acts and omissions giving rise to Plaintiffs claims occurred in Sebring, Highlands County, Florida and therefore the appropriate venue for this action is the United States District Court for the Middle District of Florida located in Tampa, Florida.

## IDENTIFICATION OF PARTIES

4. Plaintiff, CHRISTOPHER DYER ("DYER") is and was at all times material hereto a resident of Highlands County, Florida and was detained at the Highlands County Detention Facility. He sues in his individual capacity.

5. At all times relevant to this action, OFFICER WIGGINS, ("WIGGINS") was a duly appointed and acting officer employed by Defendant, HIGHLANDS COUNTY, FLORIDA SHERIFF'S OFFICE ("SHERIFF"). As such, WIGGINS was a duly appointed agent authorized to enforce the laws of Florida and was so acting under color of the law of Florida at all times relevant to this action when he committed the acts complained of in this complaint.

6. At all times material hereto the Defendant, HIGHLANDS COUNTY, SHERIFF'S OFFICE ("SHERIFF") is a constitutional office located in Highlands County, Florida and was so acting under color of the law of

Florida at all times relevant to this action when the acts complained of in this complaint were committed.

7. At all times material hereto, Sheriff PAUL BLACKMAN ("BLACKMAN") was the Sheriff of Highlands County charged with operating the detention facility where DYER was detained and employed WIGGINS at the time the when the acts complained of in this complaint were committed.

**STATEMENT OF FACTS**

8. On June 14, 2014, the Plaintiff, DYER, was an inmate at the Highlands County Jail. At one point during the day, DYER entered the bathroom of the facility and used the facilities appropriately. While DYER was in the bathroom facility, WIGGINS was witnessed unclipping his radio and entered the bathroom facility. WIGGINS approached DYER from behind and physically struck him with a closed fist multiple times. DYER was struck in the ribs and left arm. WIGGINS was then seen exiting the bathroom facility. He was clutching and grimacing at his right hand.

**FIRST CAUSE OF ACTION**
**Violation of Civil Rights – 42 U.S.C. section 1983**

9. The use of force by the defendants in apprehending the Plaintiff, including beating him in, were unreasonable under the prevailing circumstances and thus violated the Plaintiff's right not to be subjected to unreasonable seizure guaranteed by the Fourth Amendment of the United States Constitution.

10. This Cause of Action is brought by Plaintiff against Defendant for deprivation of constitutional rights, privilege and immunities within the meaning of 42 USCS §1983.

11. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant, Plaintiff sustained severe physical injury, causing Plaintiff great pain of body and anguish of mind, incurred substantial medical and other expenses, and pain and suffering.

**SECOND CAUSE OF ACTION**
**Violation of Civil Rights – 42 U.S.C. section 1983**
**(claim against COUNTY, SHERIFF, BLACKMAN)**

12. Plaintiff incorporate by reference all allegations set forth in paragraphs 1 through 11 above, as if fully set below.

13. Defendant COUNTY, SHERIFF and BLACKMAN had a duty to adequately train, supervise and discipline their detention officers in order to protect members of the public, including Plaintiff, from being harmed by the police unnecessarily.

14. Defendant COUNTY, SHERIFF and BLACKMAN had a duty to adequately train, supervise and discipline their detention deputy sheriffs in order to protect members of the public, including Plaintiff, from being harmed by such deputies unnecessarily.

15. Said defendants were deliberately indifferent to such duties and thereby proximately caused injury to Plaintiff as complained of herein.

WHEREFORE Plaintiff seeks relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff sues for relief for general damages, special damages, punitive damages against the defendant WIGGINS, and for all costs of suit and reasonable attorney's fees pursuant to statute and for any and all other relief to which the Plaintiff may be legally entitled.

DATED this the 19th day of April, 2017.

/S/Shawn A. Jiles
Shawn A. Jiles, B.C.S.
Florida Bar No.: 0667870
Attorney for Plaintiff Christopher Dyer
Jiles Law, P.A.
P.O. Box 1847
Winter Haven, Florida 33882
Telephone: (863) 875-6900
Facsimile: (863) 875-6901
Shawn@gotocourtforme.com